UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                                                                                      <u>DECISION AND ORDER</u>

                                                                                      06-CR-6233L

               v.

WILEY McCLOUD,

                            Defendant.
_____

     This Court referred all motions in this criminal action against defendant Wiley McCloud ("McCloud") to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636. McCloud, through counsel, did file several motions which required hearings before the Magistrate Judge. Magistrate Judge Payson conducted hearings on two separate days and took the testimony of three officers from the Rochester Police Department. McCloud had moved to suppress physical evidence obtained on the date of his arrest and certain statements that he made at the scene of the arrest and later at a hospital where McCloud had been taken for treatment because of some injuries he received during the arrest, when he fled from the police.

     At the conclusion of the hearings and after receiving submissions and argument from counsel, Magistrate Judge Payson issued a thorough 30-page Report and Recommendation which recommended granting the motion to suppress in part and denying it in part. Thereafter, McCloud

filed objections to that Report and Recommendation and the Government responded to those objections. After reviewing the Magistrate Judge Payson's Report and Recommendation, the papers filed relative to it, as well as the transcripts of the suppression hearings, I agree with Magistrate Judge Payson's recommendations, and I adopt her Report and Recommendation in its entirety.

**SUPPRESSION OF PHYSICAL EVIDENCE:**

Physical evidence, including a firearm and illegal drugs, were obtained from McCloud at the scene of his arrest, in the hospital and also in the patrol car that transported McCloud to the hospital. I agree with Magistrate Judge Payson's determination that none of that evidence should be suppressed.

Magistrate Judge Payson discussed at length the initial stop, arrest and search of McCloud. As not infrequently occurs, what started as a simple conversation between a police officer and McCloud, quickly developed and ended with the officer tackling McCloud as he attempted to flee. I believe Magistrate Judge Payson carefully considered the evidence and the facts which, in her view, justified the seizure and arrest of McCloud. I agree with her ultimate conclusion that the officers' actions were reasonable under all of the facts and circumstances that are set forth in detail in the Report and Recommendation. I, therefore, agree that the items seized at that time, the firearm and a quantity of narcotics, were properly obtained.

Other physical evidence and additional packets of drugs were discovered when McCloud was questioned by the officers at the hospital and when they searched the police car that transported him there. I agree with Magistrate Judge Payson's recommendation on these matters as well. Certainly,

the drugs found in the patrol car were properly seized. McCloud had no expectation of privacy relative to those matters. Although Magistrate Judge Payson determined that the other drugs might have been produced based on custodial interrogation, she ultimately concluded that all the drugs on McCloud's person would inevitably have been discovered when he was taken from the hospital and booked for processing at the Monroe County Jail. During such a process, inmates are routinely thoroughly searched and Magistrate Judge Payson determined that the prospect of such inevitable discovery of evidence warranted denying McCloud's motion to suppress the physical evidence.

**STATEMENTS OF DEFENDANT:**

There were three "statements" at issue. One statement occurred at the scene after the officers had discovered a firearm in McCloud's waistband. At that point, McCloud made a statement which Magistrate Judge Payson determined to be a spontaneous one, which was not occasioned by any interrogation. I agree. The record clearly shows that there was no custodial interrogation and McCloud voluntarily made the statement that the firearm that they discovered was the only gun he had.

Another statement occurred at the hospital when the officers made statements in the nature of interrogation concerning the drugs. Although McCloud made no verbal response to the question, he shook his pant legs and other packets of cocaine fell to the floor. Magistrate Judge Payson determined that McCloud's actions in shaking his pants and stomping his feet constituted a response to interrogation, and therefore should be suppressed. I agree that the actions of McCloud should be

suppressed, although the drugs that fell to the floor should not be suppressed based on the inevitable discovery doctrine which I have already discussed.

McCloud was also interviewed at the police station after he had been booked and processed. Magistrate Judge Payson found that McCloud was properly advised of his *Miranda* rights and spoke to the officers. Magistrate Judge Payson found a valid waiver, and I agree based on the facts as testified to by the officers. At one point, McCloud indicated his desire to cease the conversation, and he requested a lawyer. The Government concedes that any statements made from that point should be suppressed and Magistrate Judge Payson so ruled.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #36). Defendant's motion to suppress physical evidence is denied. Defendant's motion to suppress statements is granted as to any statements made by defendant after he requested a lawyer at the police station. Similarly, testimony about McCloud's response to the officers' questions at the hospital which entailed a shaking of his pant leg and stomping of his feet is suppressed. In all other respects, defendant's motion to suppress statements is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 30, 2008.